Date signed June 22, 2006



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| **In Re:** | * | **Case No.   05-27950 PM** |
| **Arthur Allan Davis** | * | |
| | * | **Chapter   13** |
| | * | |
| **Debtor.** | * | |
| ************************************* | * | |

### MEMORANDUM OF DECISION

Before this court is the Chapter 13 Trustee's Objection to Debtor's Claim of Exemptions. For the reasons set forth below, the Trustee's objection will be overruled.

<u>Background</u>

Debtor filed a bankruptcy case under chapter 7 on August 11, 2005.  The original Schedule C filed with his petition did not list his residence as exempt.  The meeting of creditors held pursuant to 11 U.S.C. § 341 took place on September 20, 2005.  On the following day, September 21, 2005, Debtor filed an Amended Schedule C to list the property at 10503 Woodbine Road, Beltsville, Maryland (the "Property"), valued at $460,000, as exempt pursuant to 11 U.S.C. § 522(b)(2)(B).  Notice of this amendment was sent to all creditors and the Chapter 7 trustee on September 26, 2005.

Following the filing of a Motion to Dismiss this case pursuant to 11 U.S.C. § 707(b), Debtor converted this case to a case under chapter 13 on February 25, 2006.  On April 28, 2006, the Chapter 13 Trustee (the "Trustee") filed an objection to the Amended Schedule C (prior to the

meeting of creditors in the converted case).  The objection is limited to the exemption of jointly held property to the extent that there are either joint claims against the Debtor and his wife, Phyllis Davis,  *cf. Sumy v. Schlossberg*, 777 F.2d 921 (CA4 1985), or tax claims, presumably based upon *United States v. Craft*, 535 U.S. 274, 122 S.Ct. 1414 (2002) (federal tax liens).  *See also Schlossberg v. Barney*, 380 F.3d 174 (CA4 2004).   The court notes that there is only one joint creditor scheduled, a secured creditor, Countrywide Home Loans, and two priority claims scheduled - the Internal Revenue Service and the Comptroller of Maryland.  The Comptroller's proof of claim does not reflect a co-obligor, and the IRS has not filed a proof of claim.

### Discussion

The issue of the timeliness of the Trustee's objection is before the court.  Federal Rule of Bankruptcy Procedure 4003(b)  provides the time frame for filing timely objections to Debtor's exemptions:

> A party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

Pursuant to Section 522(l) of the Bankruptcy Code, "[u]nless a party in interest objects, the property claimed as exempt on [the Debtor's list of property to be exempted] is exempt."  *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 644, 112 S.Ct. 1644 (1992) (in holding that the 30-day time period in Rule 4003(b) must be strictly interpreted in conjunction with Section 522(l) to bar any objection not made within that time period, the Court concluded that "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality").

Whether this objection was timely filed depends upon whether the time period for objecting to exemption is revived upon conversion of a case to another chapter.  The Trustee's objection is timely if the time period to object recommences upon conversion inasmuch as the meeting of creditors in the Chapter 13 case has yet to be held.  However, if the time period to object does not recommence upon conversion, the Trustee's objection is untimely.

There are few issues of interpretation of bankruptcy law with a divergence of opinion as sharp as that presented here.  A number of courts have held that the Rule 4003(b) deadline does

not recommence upon conversion of the bankruptcy case. *See*, *e.g.*, *In re Smith*, 235 F.3d 472 (CA9 2000); *In re Bell*, 225 F.3d 203 (CA2 2000); *In re Fonke*, 321 B.R. 199 (BC S.D. Tex. 2005); *In re Ferretti*, 230 B.R. 883 (BC S.D. Fla. 1999), *aff'd*, *Dibraccio v. Ferretti*, 268 F.3d 1065 (CA11 2001); *In re Brown*, 178 B.R. 722 (BC E.D. Tenn. 1995); *In re Halbert*, 146 B.R. 185 (BC W.D. Tex. 1992). Other courts, however, have reached the conclusion that the time period to object to claimed exemptions recommences upon conversion. *See*, *e.g.*, *In re Campbell*, 313 B.R. 313 (CA10 BAP 2004); *In re Wiggins*, 341 B.R. 501 (M.D. Pa. 2006); *In re Lang*, 276 B.R. 716 (BC S.D. Fla. 2002); *In re Mims*, 249 B.R. 378 (BC N.J. 2000); *In re Havenec*, 175 B.R. 920 (BC N.D. Ohio 1994).

Nearly all reported decisions addressing this issue have done so in the context of a conversion from chapter 11 or chapter 13 to chapter 7. This case presents a rare scenario where the conversion is from a case under chapter 7 to a case under chapter 13. A chapter 13 trustee is less likely to object to exemptions where the trustee can determine with certainty that the proposed Chapter 13 plan will meet the "best interest of creditors" test of 11 U.S.C. § 1325(a)(4). Thus, there is no point in filing an objection to exemptions by the chapter 13 trustee, even if the exemptions claimed exceed the permitted amounts. *See In re Dewey*, 237 B.R. 783, 787-88 (CA10 BAP 1999); *In re Martin*, 233 B.R. 436, 445 (BC Ariz. 1999). On the other hand, some chapter 13 trustees, even though it makes no difference in the chapter 13 case, seek to protect their chapter 7 colleagues by filing objections so that creditors in a converted case will be able to receive their due.

While this case involves a conversion from a case under chapter 7 to one under chapter 13, the reasoning applied in the above cited cases remains applicable to this court's analysis of the issue. The court in *In re Bell*, 225 F.3d 203, looked to the plain language of Section 348(a) and Federal Rule of Bankruptcy Procedure 2003(a)[1]:

> Although it is true that a conversion "constitutes an order for relief" under 11 U.S.C. § 348(a), that very section also states that a conversion *"does not effect a change in the date of . . . the order for relief."* *Id.* (emphasis added) . . . . Under section 348(a), conversion leaves [the date of the order for relief] unchanged; accordingly, all provisions

---

[1]In relevant part, Rule 2003(a) requires that "[i]n a chapter 7 liquidation or a chapter 11 reorganization case, the United States trustee shall call a meeting of creditors to be held no fewer than 20 and no more than 40 days after the order for relief."

of the Code that are keyed to that date are also unaffected by conversion. *See F&M Marquette Nat'l Bank v. Richards*, 780 F.2d 24, 26 (8th Cir. 1985); 3 *Collier on Bankruptcy* ¶ 348.02, at 348-6 (Lawrence P. King ed., 15th ed. rev. 1999). The time periods for holding a meeting of creditors established by section 341(a) and Rule 2003(a) are keyed to "the order for relief" . . . .

> We therefore reject the construction that "[r]ead literally, . . . Rule 4003 permits two 30-day periods during which objections may be made to exemptions claimed by a debtor." *In re Havanec*, 175 B.R. at 921. Because there is one date of the order for relief (regardless of conversion), *see* 11 U.S.C. § 348(a), there can be only one deadline 40 (or 60) days from that date for the meeting of creditors held pursuant to Rule 2003(a). Any appeal to Rule 4003(b) is therefore unavailing, because Rule 4003(b) allows as timely filed only those objections filed "within 30 days after the conclusion of the meeting of creditors *held pursuant to Rule 2003(a).*"

225 F.3d at 211-12. *See also Smith*, 235 F.3d at 477 (asserting that, except for certain specifically enumerated filing deadlines set forth in Section 348(b) and (c), Section 348 does not reset the date of the order for relief). *Cf. Halbert*, 146 B.R. at 189 (asserting that meeting of creditors held upon conversion of case from one under chapter 11 to one under chapter 7 is not held pursuant to Rule 2003(a) but rather pursuant to Section 702).

Some courts have observed that, upon conversion, the new trustee does not have the opportunity to object to unamended Schedules of Exemptions because the exempted property has already revested in the Debtor pursuant to Section 522(l). *Halbert,* 146 B.R. at 188 (*citing*, among other cases, *In re Robertson*, 105 B.R. 440, 446 (BC N.D. Ill. 1989) for the proposition that "the effect of the automatic allowance of a claim of exemption due to the expiration of the 30-day period is, under well-settled case law, to 'revest' the property in the Debtor and end its status as 'property of the estate"). *See also Smith,* 235 F.3d at 478 (reasoning that the Bankruptcy Code does not provide a mechanism for bringing property claimed as exempt back into the bankruptcy estate upon conversion); *Brown*, 178 B.R. 722, 728 (same). The court in *Fonke*, 321 B.R. 199, took this argument a step further in holding that

> Section 522(c) creates a substantive right for the debtor by eliminating liability of exempt property for prepetition debts. Therefore, if Rule 4003(b) were interpreted to create a right to object to previously exempted property, it would modify this substantive right by subjecting the protected property to prepetition liability. Such an effect is prohibited because it would result in a rule abridging a substantive right provided by the Code in violation of 28 U.S.C. § 2075.

*Id*. at 208.

Those courts that have read the Bankruptcy Rules to provide that conversion creates a new time period for objecting to a claim of exemptions have done so largely based upon policy reasons.  In *Lang*, 276 B.R. 716, the court set forth several bases for its holding.  First and foremost, it asserted its "agreement with the statement in *In re Bergen* [163 B.R. 377 (BC M.D. Fla 1994)] that 'to restrict the interpretation of Fed. R. Bankr. P. 4003(b) to only the first meeting of creditors is a feat this Court is more than reluctant to perform.'  163 B.R. at 380."  *Id*. at 721."  In support of this position, the court pointed to the dissenting opinion in *Bell*, 225 F.3d 203, in which Senior District Judge Moran found that, when read together with Rule 4003(b), the requirement that a post-conversion meeting of creditors be held establishes a renewed period to object upon conversion.  *Id*. at 720.  *See also Campbell*, 313 B.R. at 320 ("[T]he deadline in Rule 4003(b) is not based on the date of the order for relief ... [but] on the conclusion of a 'meeting of creditors.'"); *Mims*, 249 B.R. at 383 (holding that there is no basis for concluding that Rule 4003(b) does not apply to a meeting of creditors being held in a converted case); *In re Weissman*, 173 B.R. 235, 236-37 (BC M.D. Fla. 1994) ("Since the Code fails to restrict which 'meeting of the creditors' triggers the time period for objections, to hold that only the first § 341 meeting in a converted case prompts the period would unnecessarily restrict Rule 4003(b) and the Code as a whole.").

> In *Lang*, the court concluded that
>
> to find that there was no renewed period to objection to exemptions upon conversion would effectively deny due process to a newly-appointed trustee and would impede the trustee's ability to perform his or her duties as set forth in § 704.  A trustee would be unable to collect the property of the estate . . . effectively if a converted debtor is able to claim non-exempt property as exempt merely by virtue of the date of the case's conversion.

276 B.R. at 721.  The court noted that it would be unfair to creditors, the bankruptcy estate and the bankruptcy system as a whole if a "converted debtor [claims] an exemption on property not properly claimed as exempt and a newly-appointed . . . trustee is given no opportunity to object due to conversion occurring post expiration of the initial thirty-day deadline[.]"  *Id*. at 722.  *See also Weissman*, 173 B.R. at 236-37 (BC M.D. Fla. 1994); *Havenec*, 175 B.R. at 924 (stating that "the realities of bankruptcy administration militate in favor of finding a new objection period" when case is converted from chapter 11 to chapter 7 because chapter 11 creditors "have neither the interest nor expertise" to object to claims of objections).

The Fourth Circuit has not published a decision on this issue. At least one court in this Circuit, however, has done so. In *In re Leydet*, 150 B.R. 641 (BC E.D. Va. 1993), the court held that, upon conversion from chapter 11 to chapter 7, a new 30-day period for objecting to exemptions arose, thereby rendering the trustee's objection to debtor's claimed exemption in stock timely. In so ruling, the court focused upon "the realities of the bankruptcy process", opining that "[i]f the chapter 7 trustee is to have a meaningful opportunity to object to a debtor's exemptions in a converted case, a new time period for objecting to exemptions must arise upon conversion from chapter 11 to chapter 7." *Id*. at 644.

The *Leydet* ruling has neither been adopted nor cited with approval by any other court in the Fourth Circuit. Therefore, this court decides the timeliness of the Trustee's objection against a relatively clean canvas. Although the policy arguments in favor of adopting the contrary position have merit, the court cannot ignore the unambiguous language of Section 348(a). Based on the persuasive reasoning set forth in *Bell*, the court finds that, pursuant to Section 348(a), the conversion of Debtor's case to one under chapter 13 did not affect the date of the order for relief. Consequently, the 30-day objection period ran from the conclusion of the meeting of creditors held in the case under chapter 7 on September 20, 2005.

There are compelling policy arguments in favor of this court's decision. The court in *In re Bergen*, 163 B.R. 377 (BC M.D. Fla 1994) noted that "[i]t is highly probable a creditor would be more aggressive in a Chapter 7 and scrutinize a debtor's exemptions because the exemptions in a Chapter 7 case have a direct short-term impact on distribution." *Id*. at 379. *See also Havenec*, 175 B.R. at 924 ("[T]he chapter 7 trustee is charged with the responsibility to review exemptions."). Therefore, in a situation where the bankruptcy case originally was filed under chapter 7, it stands to reason that the exemptions claimed by the Debtor prior to conversion have been scrutinized carefully by both the Chapter 7 trustee as well as the creditors. Moreover, Debtor has not claimed any new exemptions since conversion and, therefore, the due process concerns raised in cases such as *Lang* and *Havenec* are not an issue here.

For the reasons stated, the Trustee's objection to Debtor's Schedule C will be overruled on the ground that it was untimely filed and the Property is exempt in the amount claimed. *See In re Canelos*, 212 B.R. 249, 253 (BC Md. 1997).

An appropriate order will be entered.

**End of Memorandum of Decision**

cc:    Arthur Allan Davis, 10503 Woodbine Road, Beltsville, MD 20705
Michael R. Murphy, Esq., 1320 19th Street, N.W., Ste. 202, Washington, DC 20036
Nancy S. Grigsby, P.O. Box 958, Bowie, MD 20718
United States Trustee, 6305 Ivy Lane, #600, Greenbelt, MD 20770